1079, *lv denied* 81 NY2d 1073). (Appeal from Judgment of Erie County Court, Rogowski, J.—Attempted Criminal Possession Forged Instrument, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ ORRIN L. BECKER, Respondent, v MAUREEN BECKER, Appellant. [624 NYS2d 1013] —Order unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion to dismiss the complaint. In opposing defendant's motion pursuant to CPLR 3012 (b), plaintiff failed to meet his burden of showing that the delay in serving the complaint was excusable and that his cause of action for divorce was meritorious *(see, Fantauzzo v Steimer,* 193 AD2d 1125; *Iafallo v Dolan,* 162 AD2d 965). (Appeal from Order of Supreme Court, Erie County, Howe, J.—Dismiss Action.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ JOSEPH G.A. DEVLIN, Respondent, v RENEE DEVLIN, Appellant. [624 NYS2d 1014] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying the motion of defendant for an award of counsel fees and expenses incurred in the prosecution of her appeal in the underlying matrimonial action *(see,* Domestic Relations Law § 237 [a], [d]; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C237:6, at 516; *see also, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Borakove v Borakove,* 116 AD2d 683). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Counsel Fees.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ SUSAN I. BENEDETTI, Respondent, et al., Plaintiff, v W.J. RHO, Appellant. (Appeal No. 2.) [624 NYS2d 994] —Appeal unanimously dismissed without costs *(see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Niagara County, Gossel, J.—Set Aside Verdict.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ SUSAN I. BENEDETTI, Respondent, et al., Plaintiff, v W.J. RHO, Appellant. (Appeal No. 3.) [624 NYS2d 995] —Appeal unanimously dismissed without costs *(see, Karagiannis v New York State Thruway Auth.,* 209 AD2d 995). (Appeal from Order of

Supreme Court, Niagara County, Gossel, J.—Structured Judgment.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRI MERRIWEATHER, Appellant. [623 NYS2d 32] —Judgment unanimously affirmed. Memorandum: Defendant was sentenced on his prior felony conviction on June 3, 1983, and he committed a second felony on June 10, 1991. Because defendant was sentenced on the earlier conviction within 10 years of his commission of a second felony offense, defendant was properly sentenced as a second felony offender (see, Penal Law § 70.06 [1] [b] [iv]). Because the People were not relying upon the tolling provision of Penal Law § 70.06 (1) (b) (v), they were not required to set forth in the second felony offender statement the periods and places of incarceration of defendant (see, CPL 400.21 [2]). (Appeal from Judgment of Monroe County Court, Connell, J.—Violation of Probation.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN AUSTIN, Appellant. (Appeal No. 1.) [624 NYS2d 995] —Judgment unanimously affirmed. Memorandum: The record establishes that defendant made a voluntary, knowing and intelligent waiver of his right to appeal (see, People v Callahan, 80 NY2d 273; People v Moissett, 76 NY2d 909). That waiver encompassed the contention of defendant that the sentence is harsh and excessive (see, People v Allen, 82 NY2d 761, 763; People v Underwood, 210 AD2d 994; People v Schwartz, 204 AD2d 973; People v Griggs, 199 AD2d 1073, lv denied 83 NY2d 853). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Criminal Possession Weapon, 4th Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN AUSTIN, Appellant. (Appeal No. 2.) [624 NYS2d 995] —Judgment unanimously affirmed. Same Memorandum as in People v Austin (212 AD2d 1061 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Petit Larceny.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TELLY HEATH, Appellant. [624 NYS2d 1013] —Judgment unani-